
FILED
2005 May-27  PM 01:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **THRESA LYNN WILLIAMS,**   ]<br>]<br>    Plaintiff,   ]<br>]<br>v.   ]<br>]<br>**ALABAMA PUBLIC HEALTH**   ]<br>**DEPARTMENT, et al.,**   ]<br>]<br>    Defendants.   ] | CV-04-BE-3461-E |

_____

| | |
|---|---|
| **THRESA LYNN WILLIAMS,**   ]<br>]<br>    Plaintiff,   ]<br>]<br>v.   ]<br>]<br>**ALABAMA MEDICAID AGENCY,**   ]<br>]<br>    Defendants.   ]<br>] | CV-04-BE-3462-E |

**MEMORANDUM OPINION**

**I. INTRODUCTION**

The following motions filed by *pro se* plaintiff Thresa Lynn Williams are currently pending before this court in both of the above-styled cases: motion to appoint counsel (doc. # 2); motion for leave to proceed *in forma pauperis* (doc. # 2); and motion for change of venue (doc. # 3). The court finds that the motions to proceed *in forma pauperis* are due to be GRANTED.

However, the court finds that these cases are due to be DISMISSED, *sua sponte*, for frivolity under 28 U.S.C. § 1915(e)(2) because they are based on an indisputably meritless legal theory. Consequently, the motions for appointment of counsel and to transfer venue are due to be DENIED as moot.

On December 17, 2004, Williams filed the above-referenced lawsuits against defendants Alabama Public Health Agency, Alabama Medicaid Agency, and individual employees Ravonda Stephens, Deborah Poe, and Wendy McMeans.  Williams' complaints describe a laundry list of grievances which she categorizes as blatant acts of hatred, harassment, and racism.  The conduct at issue in both complaints allegedly occurred during her employment as an outstation medicaid eligibility specialist working from an office in the Talladega Health Department.  Because the plaintiff's theory of liability is the same in both cases, the court considers the merits of both complaints in this Memorandum Opinion.

In both complaints, plaintiff describes her working environment as a "most unpleasant experience," where she was the brunt of practical jokes from co-employees who deliberately told her to park in a space belonging to a supervisor, attached a "kick me" sign to her car, and sabotaged her by intentionally making her computer inoperable.  Williams also makes general allegations about the lack of resources at her job, specifically that it took her eight months to get reimbursed for travel and for insurance co-payments, she was denied a pin commemorating ten years of service as a state employee, and mislead into believing that funds did not exist for her to transfer to an office outside the Talladega Health Department.

The majority of Williams' ire is reserved for Stephens, McMeans, and Poe.  Plaintiff accuses Stephens of "rolling her eyes at her," and generally being a "miserable person."   Plaintiff

also alleges that McMeans spread a rumor that she had a "foot stench." Lastly, Williams argues that Poe "tried to make her life miserable" by refusing to find an alternate work site for her and by telling people that she had been moved to the Gadsden office because of a foot stench. Plaintiff attributes the defendants' unprofessional behavior to a conflict that her sister had with the Talladega Department of Human Resources and states in conclusory fashion that the defendants have embarked upon a campaign to destroy her professional livelihood and reputation.

## II. DISCUSSION

Courts are required to exercise a certain degree of deference in construing the complaints of *pro se* plaintiffs. *See Harris v. Kerner*, 404 U.S. 519, 520 (1976); *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). After a thorough examination of the record within the above-referenced standard of review, the court interprets the plaintiff's claims as one under 42 U.S.C. § 1983 for a deprivation of the Fourteenth Amendment by a state actor based upon the creation and perpetuation of a hostile working environment. *See Henson v. City of Dundee*, 682 F.2d 897, 902 n. 6 (11th Cir. 1982) (noting that a cause of action for offensive work environment caused by harassment is actionable under 42 U.S.C. § 1983). However, even with this understanding of the plaintiff's claim and assuming the truth of the plaintiff's allegations, the court concludes that the complaints filed in these above-referenced cases are due to be dismissed pursuant to 28 U.S.C. § 1915(e)(2) because they are frivolous and based upon an indisputably meritless legal theory.

*In forma pauperis* proceedings are governed by 28 U.S.C. § 1915. Subsection (e)(2) of that statute provides that "the court shall dismiss the case at any time if the court determines that

... (B) the action or appeal--(i) is frivolous or malicious [or]; (ii) fails to state a claim upon which relief may be granted...." 28 U.S.C. § 1915(e)(2). For purposes of § 1915(e)(2)(B)(i), an action is frivolous if it is "without arguable merit either in law or fact." *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002). In this case, the court concludes that the allegations contained in the complaint do not amount to a legally cognizable claim of a hostile work environment, and thus, are based on an indisputably meritless legal theory.

To be actionable, racially motivated workplace harassment must be both objectively offensive--one that a reasonable person would find hostile or abusive--and subjectively offensive--one that the plaintiff in fact did perceive to be so. *See Harris v. Forklift Sys.*, 510 U.S. 17, 21 (1993). In an attempt to organize these various factors into a cohesive framework, the Eleventh Circuit has adopted a five-prong paradigm for analyzing racial harassment claims. Specifically, the plaintiff must demonstrate: (1) he or she is a member of a protected group; (2) he or she was subjected to unwelcome harassment; (3) the harassment was based on race; (4) the harassment was so severe and pervasive that it altered the terms and conditions of the employee's environment and created a hostile or abusive working environment; and (5) a basis exists for employer liability. *Gupta v. Florida Bd. of Regents*, 212 F.3d 571, 583 (11th Cir. 2000); *Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1245 (11th Cir. 1999).

Although courts are required to examine the statements and conduct complained of collectively to determine whether they were sufficiently pervasive or severe to constitute a racially hostile work environment, *see Mendoza*, 195 F.3d at 1242, innocuous statements or boorish conduct do not rise to the level of cognizable harassment. The behavior that Williams alleges in her complaints, even assuming its truth, is premised on her general displeasure with her

4

co-workers and what she describes as their unprofessional behavior. Notably absent from both complaints is any allegation that the defendants' harassed or otherwise targeted her based on race or any other protected category. The court assumes that the conduct Williams attributes to the defendants was unwelcome. However, although exhaustively detailed, the plaintiff does not even allege that the defendants' conduct was motivated by race or another impermissible factor. Neither Title VII nor section § 1983 creates a "general civility code for the American workplace." *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998). *See also, Portera v. Ala. Dept. of Finance*, 322 F.Supp.2d 1285, 1290 (M.D. Ala. 2004) (comments which did not appear to be related to a plaintiff's race do "not even come close to stating a claim" of racial harassment), aff'd, 45 Fed. Appx. 886 (11th Cir. 2002) (table).

The court does not doubt the sincerity of the plaintiff's belief that her work environment was unpleasant, frustrating, or even annoying. However, not all conduct that a plaintiff finds annoying or burdensome is conduct that rises to the level of actionable harassment under either Title VII or 42 U.S.C § 1983. *Pipkins v. City of Temple Terrace*, 267 F.3d 1197, 2000 (11th Cir. 2001) (distinguishing between activities based on discriminatory animus instead of personal animus). In this case, the court finds that the conduct alleged in both complaints does not rise to the level of cognizable harassment under 42 U.S.C. § 1983. Furthermore, to the extent that the plaintiff may allege state law claims against the defendants, the court declines to exercise its supplemental jurisdiction pursuant to 28 U.S.C. § 1367.[1]

---

[1] The parties in this action are not diverse; all are of Alabama citizenship. Therefore, with regard to any state law claims, the court does not have jurisdiction on the basis that the case involves adverse parties of diverse citizenship. *See* 28 U.S.C. § 1332.

Based on the foregoing analysis, the plaintiff's motions to proceed *in forma pauperis* are due to be GRANTED. However, the cases are due to be DISMISSED as frivolous under 28 U.S.C. § 1915(e)(2). Consequently, the motions for appointment of counsel and for change of venue are due to be DENIED as moot.

A separate order consistent with this Memorandum Opinion will be entered.

DONE and ORDERED this 27th day of May, 2005.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE